# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| RASHAD WILLIAMS | : CIVIL ACTION |
|---|---|
| v. | : |
| | : NO. 17-4348 |
| DELAWARE COUNTY BOARD OF | : |
| PRISON INSPECTORS, *et al.* | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                                          **October 15, 2018**

Challenging specific conditions of his confinement as a pre-trial detainee at the George W. Hill Correctional Facility ("Prison") and the Delaware County Courthouse holding cell, Rashad Williams is now pursuing his fourth attempt at pleading a *pro se* civil rights[1] action against the Delaware County Board of Prison Inspectors ("Prison Board"), Community Education Centers Corp. ("CEC"), the "Media Pennsylvania Sheriff Department" ("Sheriff's Department")[2], the Prison Warden, and various individuals allegedly employed by the Pennsylvania Department of Corrections, including James Hyman, Michael Hellriegel, and Eli Hitchens. James Hyman, Michael Hellriegel, and Eli Hitchens move to dismiss the Fourth Amended Complaint for failing to serve them and failing to state a claim.[3] Mr. Williams has not served process upon Mr. Hyman, Mr. Hellriegel, and Mr. Hitchens but has served a company he thought employed them. As we have given Mr. Williams four chances to properly serve these known individuals, we grant the motion to strike and dismiss these three individual Defendants without prejudice.[4]

## I. Undisputed facts.

Rashad Williams began this civil rights lawsuit on September 28, 2017 against James Hyman and Eli Hitchens among others.[5] His first amended complaint filed in October 2017 named Michael Hellriegel.[6] He has yet to serve them with process.

On July 12, 2018, Rashad Williams filed his Fourth Amended Complaint alleging (1) James Hyman is the CEO of CEC (2) Michael Hellriegel is the Executive Vice President of CEC, and (3) Eli Hitchens is a correctional officer at the George W. Hill Correctional Facility.[7] On July 13, 2018, we ordered the Clerk of Court to issue summonses for Mr. Hyman, Mr. Hellriegel, and Mr. Hitchens, and transmit the summonses and copies of the Fourth Amended Complaint to the U.S. Marshals Service for immediate service.[8] Under the Federal Rules and our Order, the Marshals Service needed to serve the Fourth Amended Complaint on these three individuals by October 10, 2018. Mr. Williams provided the Marshals Service with a business address to serve Messrs. Hyman, Hellriegel, and Hitchens. Coordinating with the U.S. Marshal in the Southern District of Florida, the U.S. Marshal attempted to serve these three individuals at the provided address in Southern Florida.

On August 30, 2018, the Marshals Service attempted to serve Mr. Hyman, Mr. Hellriegel, and Mr. Hitchens by delivering the summons to the GEO Group, Inc., the current owner of CEC.[9] The served entity on the Marshal's return forms is "Community Education Centers, Inc. – GEO Group" with the address "11380 Prosperity Farm Road, Suite 221E, Palm Beach, Florida."[10]

Trenton Bavaro, the Chief Operating Officer and Corporate Counsel for Corporate Creations Network Inc., swears Corporate Creations is the statutory registered agent for CEC and the GEO Group, Inc.[11] Mr. Bavaro reviewed the return forms for these three Defendants and

2

believes the Marshals Service was attempting to serve "GEO Group" at "11380 Prosperity Farm Road, Suite 221E, Palm Beach, Florida."[12] Mr. Bavaro swears Corporate Creations (1) did not understand based on the plain reading of process the Marshals Service was attempting to serve Mr. Hyman, Mr. Hellriegel, and Mr. Hitchens on August 30, 2018 and, (2) had Corporate Creations known the Marshals Service was attempting to serve these three individuals, it would have never accepted service for them.[13] Mr. Bavaro further swears CEC and George W. Hill Correctional Facility did not employ Mr. Hyman, Mr. Hellriegel, and Mr. Hitchens on August 30, 2018 and these individuals never authorized Corporate Creations to receive service for them.[14] The ninety-day period for service of the Fourth Amended Complaint ended last week. The U.S. Marshals Service has not effected service as Mr. Williams has not provided a valid service address.

## II.  Analysis.

Messrs. Hyman, Hellriegel, and Hitchens move to dismiss arguing Mr. Williams improperly served them because they no longer worked at CEC or the George W. Hill Correctional Facility when the Marshals Service attempted service against a registered agent for their former employer on August 30, 2018. They ask us to strike the August 30, 2018 service and dismiss Mr. Williams's Fourth Amended Complaint against them.

Mr. Williams may serve process by: (1) following the law for service in Pennsylvania courts of general jurisdiction; (2) delivering a copy personally; (3) leaving a copy at each individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) delivering a copy to an agent authorized by appointment or by law to receive service of process for each individual.[15]

Under Pennsylvania law, Mr. Williams may serve process by: (1) by handing a copy to the individual; or (2) by handing a copy (i) at the individual's residence to an adult member of the family or an adult person in charge; or (ii) at the individual's residence to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or (iii) at any office or usual place of business of the individual to his agent or to the person for the time being in charge thereof.[16]

"[T]he party asserting the validity of service bears the burden of proof on that issue."[17] We presume the validity of a Marshal's return, but the Defendants can rebut the presumption by showing they did not receive proper service.[18]

Mr. Williams attempted to serve Messrs. Hyman, Hellriegel, and Hitchens on August 30, 2018 by serving Corporate Creations, the statutory authorized agent for CEC and the GEO Group. Corporate Creations' in-house counsel swears CEC or the George W. Hill Correctional Facility did not employ Mr. Hyman, Mr. Hellriegel, and Mr. Hitchens as of August 30, 2018 and it is not the authorized agent to accept service of process for these three individuals. Mr. Williams cannot properly serve Mr. Hyman, Mr. Hellriegel, and Mr. Hitchens by serving their former employer or their former employer's authorized agent.[19] Mr. Williams has shown no attempt to serve these three defendants other than the August 30, 2018 attempt. Mr. Williams fails to properly serve these individuals. He may not know where they live or presently work but this knowledge necessary for service is his responsibility, even as a *pro se* prisoner bringing an action.

We dismiss Mr. Williams's Fourth Amended Complaint without prejudice against Mr. Hyman, Mr. Hellriegel, and Mr. Hitchens for insufficient service of process. Mr. Williams filed his Fourth Amended Complaint on July 12, 2018.[20] Federal Rule of Civil Procedure 4(m)

4

required Mr. Williams serve Mr. Hyman, Mr. Hellriegel, and Mr. Hitchens by October 10, 2018.[21] Mr. Williams failed to do so.

### III.     Conclusion.

We have discretion to dismiss the complaint for insufficient service.[22] We would typically allow Mr. Williams additional time to serve these individuals if he just started this case. But he began naming two of these men as defendants in his complaint filed over a year ago and the third man many months ago. If he finds their home or present business address in discovery, we may allow Mr. Williams leave to amend to add claims against them should we find the claims are not futile.[23] But as we have given Mr. Williams four chances to properly serve these individuals, we grant the Motion in the accompanying Order and dismiss Mr. Williams's Fourth Amended Complaint against Messrs. Hyman, Hellriegel, and Hitchens.[24]

---

[1] 42 U.S.C. § 1983.

[2] We interpret Mr. Williams's identification of the "Media Pennsylvania Sheriff Department" to mean the Delaware County Sheriff's Office located in Media, Pennsylvania. The County of Delaware filed a motion to dismiss on behalf of the Sheriff's Department. *See* ECF Doc. No. 22.

[3] Mr. Hyman, Mr. Hellriegel, and Mr. Hitchens move to "Strike Service of Original Process as to Plaintiff's Fourth Amended Complaint pursuant to Rule 12(b)(6)." ECF Doc. No. 106 at p. 7. The three Defendants argue we should strike service as improper and argue Mr. Williams fails to state a claim upon which relief can be granted. As we find Mr. Williams improperly served these three men, we strike service and dismiss Mr. Williams's Fourth Amended Complaint under Federal Rule of Civil Procedure 4(m) as against Messrs. Hyman, Hellriegel, and Hitchens without prejudice.

[4] Delaware County, represented by separate counsel, moved to dismiss the Fourth Amended Complaint, arguing Mr. Williams fails to state a claim for *Monell* liability. We denied the County's motion. *See* ECF Doc. No. 97. Delaware County Board of Prisons ("Prison Board"), Community Education Centers, Inc. ("CEC"), and served individuals David Byrne, John Riley, Jr., Richard Leach, Joanne Abt, Geoffrey Baldwin, Philip Carter, Gloria Jenkins, Dana Keith, Brian Conley, and Cokelia Dunn separately moved to dismiss the Fourth Amended Complaint. We granted in part and denied in part their motion. ECF Doc. No. 109. Mr. Williams may now

5

proceed into discovery alleging (1) denial of free exercise of religion against Chaplain Dunn, (2) deprivation of food or meals against Officers Jenkins, Baldwin, and Paige, (3) housing Mr. Williams with violent inmates against Delaware County, CEC, and the Prison Board, (4) retaliation for his September 28, 2015 grievance against Officers Jenkins, Baldwin, and Paige, and Chaplain Dunn.

[5] ECF Doc. No. 1.

[6] ECF Doc. No. 11.

[7] ECF Doc. No. 88 at p. 3.

[8] ECF Doc. No. 89.

[9] ECF Doc. No. 102 (U.S. Marshals Service Process Receipt and Return).

[10] *Id.*

[11] *Id.* at p. 1.

[12] *Id.*

[13] *Id.* at p. 2.

[14] *Id.*

[15] Fed. R. Civ. P. 4(e).

[16] Pa.R.C.P. No. 402.

[17] *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

[18] *Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 514 n.5 (3d Cir. 1971) (internal citation omitted); *Howard Johnson Intern., Inc. v. SSR Inc.*, No. 14-4611, 2015 WL 4461347, at *2 (D.N.J. Jul. 21, 2015) (internal citations omitted).

[19] *Nichols v. Burns*, No. 15-0527, 2015 WL 8007398, at *5 (E.D. Pa. Dec. 7, 2015) (dismissing the plaintiff's complaint against the defendant after the plaintiff served the defendant's former place of employment); *Nhira v. Bowie State University*, No. 14-676, 2014 WL 6065998, at *2 (D. Md. Nov. 12, 2014) ("[T]here is no obligation on the part of an employer to forward summonses to former employees nor does an employer have the authority to accept service of process for former employees.").

[20] ECF Doc. No. 88.

[21] Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

[22] *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992) ("[D]istrict courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process."); *Kornea v. J.S.D. Mgmt., Inc.*, No. 18-2708, 2018 WL 4853303, at *3 (E.D. Pa. Oct. 5, 2018).

[23] We placed this case on the Court's website for review by talented volunteer attorneys willing to pursue Mr. Williams's claims which have partially survived motions to dismiss by other defendants. *See* ECF Doc. Nos. 97, 108. Experienced counsel agreed to review the case but then discovered a conflict in their law firm. ECF Doc. Nos. 32, 33, 34, 40, 41, 42, 43. We placed the case again on the Panel and stayed obligations for over a month. ECF Doc. No. 44. As we had not yet reviewed the merits of Mr. Williams's claim, no counsel volunteered and we vacated our stay allowing Mr. Williams to again proceed and leading to his filing of the Fourth Amended Complaint now proceeding to discovery. We will now place this case on the website for the volunteer Panel again and, should an attorney kindly volunteer with the Court's appreciation and as guided by our Order and later Memoranda allowing several claims to proceed into discovery, Mr. Williams may be able to find these three individuals for service. We dismiss his Fourth Amended Complaint against these three men without prejudice.

[24] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) ("[A]mendment must be permitted in this context unless it would be inequitable or futile[.]"); *Johnson v. City of Philadelphia*, No. 16-86, 2018 WL 1518796, at *2 (E.D. Pa. Mar. 27, 2018) (dismissing complaint after court informed plaintiff on two separate occasions it would dismiss complaint if plaintiff failed to serve defendants). In March 2018, former counsel for Mr. Hyman, Mr. Hellriegel, and Mr. Hitchens informed us CEC and George W. Hill Correctional Facility no longer employed these three individuals when Mr. Williams effected service of his initial complaint on CEC on October 18, 2017. ECF Doc. No. 56. On March 14, 2018, we ordered the Clerk of Courts to serve waiver requests on these three individuals, along with Mr. Williams's Second Amended Complaint. ECF Doc. No. 57. As evidenced by the August 30 service return forms, Mr. Williams has failed since March 2018 to locate Mr. Hyman, Mr. Hellriegel, and Mr. Hitchens to properly serve them with his Second, Third, and Fourth Amended Complaints. Mr. Williams has not responded to the motion to argue he can properly serve these individuals or he has good cause for failure to serve.